mary Judgment.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ HELEN E. FENECK, Appellant, v FIRST UNION REAL ESTATE EQUITY AND MORTGAGE INVESTMENTS, Respondent. (Appeal No. 1.) [698 NYS2d 206] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—Negligence.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ HELEN E. FENECK, Respondent, v FIRST UNION REAL ESTATE EQUITY AND MORTGAGE INVESTMENTS et al., Respondents-Appellants. (Appeal No. 2.) [697 NYS2d 442] —Amended judgment unanimously modified on the law and as modified affirmed with costs to plaintiff and new trial granted on damages for past pain and suffering only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the award of damages for past pain and suffering to $35,000, in which event the amended judgment is modified accordingly and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff fractured her elbow when she tripped and fell while entering a shopping mall owned by defendants. Plaintiff commenced this action alleging that an uneven doorway surface caused her to fall and that defendants were negligent in maintaining the property. A jury found in favor of plaintiff and awarded her $8,465.24 for past medical expenses, $11,534.76 for past pain and suffering, and nothing for future pain and suffering. Plaintiff appeals from the amended judgment. Defendants cross-appeal from the judgment that was subsequently amended. In the exercise of our discretion, we treat the notice of cross appeal as taken from the amended judgment (*see, Heil v Grinding & Mfg. Co. v Glasgow, Inc.,* 212 AD2d 1026).

Supreme Court properly denied plaintiff's request for a missing witness charge with respect to the physician who examined plaintiff at the request of defendants. The testimony of that physician would have constituted cumulative evidence (*see, Gardiner v Wertheimer,* 256 AD2d 381; *Clements v Lindsey,* 237 AD2d 557, *lv denied* 90 NY2d 805; *cf., Jordan v Donat,* 255 AD2d 242, 243). The court also properly denied defendants' request for a missing witness charge with respect to plaintiff's primary care physician. That physician did not examine or treat plaintiff for her fractured elbow and thus could not provide testimony regarding a material issue in the case (*see,*